UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-264-GWU

PHENILOPE J. MAYER,                                                PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

Phenilope Mayer brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

08-264 Phenilope J. Mayer

              Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

08-264 Phenilope J. Mayer

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

08-264 Phenilope J. Mayer

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

08-264  Phenilope J. Mayer

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

08-264 Phenilope J. Mayer

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mayer, a former server with a high school equivalent education, suffered from impairments related to polysubstance dependence (allegedly in short term remission), a possible bipolar disorder, a possible substance-induced mood disorder, a history of hepatitis C, mild carpal tunnel syndrome, chronic neck and low back pain secondary to degenerative disc disease of the cervical and lumbar spine with disc bulges, and being status post ureteral stent implants secondary to chronic ureteral reflux nephropathy. (Tr. 36, 44). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 40, 44). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 45).

08-264  Phenilope J. Mayer

Mayer alleged a disability onset date of November 1, 2002 on her DIB application. (Tr. 128). She returned to work as a caretaker for an elderly woman on October 1, 2006. (Tr. 35-36). The plaintiff must prove she was disabled within this time period to qualify for a closed period of DIB. With regard to the SSI, the claimant filed her application on September 30, 2005. (Tr. 133). The proper inquiry in an application for SSI is whether the plaintiff was disabled on or after the date of his application. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993). This relevant time period would also extend to the October 1, 2006 date Mayer returned to work.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Jackie Rogers included an exertional limitation to medium level work reduced from a full range by such non-exertional restrictions as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb stairs or ramps; (3) an inability to rapidly or repetitively flex or extend the right wrist; (4) a limitation to simple, repetitive procedures with no frequent changes in work routines; (5) no requirement for detailed or complex problem solving, independent planning, or setting goals; and (6) a limitation to work in an object-oriented environment with only

occasional interaction with co-workers, supervisors, or the general public. (Tr. 85). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 87). Mayer's representative later inquired as to the vocational effect of an inability to understand and recall more than simple instructions, an inability to concentrate or persist on more than simple tasks in two-hour segments and a limitation to functioning in only object-focused environments with little public contact. (Tr. 89). Rogers testified that these restrictions were not really different from those presented by the ALJ and would not reduce the previously cited job base. (Tr. 90). Therefore, assuming that the vocational factors considered by Rogers fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. No treating or examining source, including Dr. John Gilbert (Tr. 222-224, 562), Dr. Byron Westerfield (Tr. 226-231), the staff at the University of Kentucky Medical Center (Tr. 259-266), the staff at the Health Clinic and Hope Center (Tr. 597-600, 721-725), the staff at the Lexington-Fayette County Health Department (Tr. 777-818), and the staff at the Kentucky Clinic (Tr. 819-829), identified more severe physical restrictions than those found by the ALJ. Dr. David Swan, a non-examining medical reviewer, opined that Mayer's physical

08-264 Phenilope J. Mayer

problems were "less than severe." (Tr. 291). While the ALJ disagreed with this conclusion and found that "severe" physical impairments did exist (Tr. 43), this opinion still does not provide support for the plaintiff's disability claim. Furthermore, the claimant even concedes in her brief that the ALJ did not err in evaluating her physical condition. Therefore, this portion of the administrative decision is supported by substantial evidence.

Mayer argues that the ALJ erred in evaluating her mental condition. The plaintiff asserts that the ALJ should have relied upon the opinion of Psychologist Rosa Riggs in determining her residual functional capacity. Riggs examined the claimant and diagnosed a bipolar disorder, an obsessive-compulsive disorder, attention deficit disorder, drug and alcohol abuse in remission and a possible personality disorder. (Tr. 238). The examiner rated Mayer's Global Assessment of Functioning (GAF) at 45. (Id.). Such a GAF suggests the existence of "serious" psychological symptoms according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34. Riggs did not believe that the plaintiff would be able to sustain attention and concentration to perform simple tasks, relate to others or tolerate the stress and pressures of work activity due to her mental problems and chronic pain. (Id.). When these mental limitations were presented to the vocational expert, she testified

08-264 Phenilope J. Mayer

that no jobs could be performed. (Tr. 88-89). Thus, this opinion strongly supports Mayer's disability claim.

The ALJ rejected Riggs's opinion for a number of reasons. The ALJ noted that the psychologist based her restrictions in part upon physical problems outside her expertise. (Tr. 42). The examiner did not appear to consider Mayer's long history of illicit drug abuse or the benefits of her psychotropic medications. (Tr. 43-44). The GAF rating of 45 noted by Riggs was at odds with those of the treating sources who rated the plaintiff's GAF as high as 70, suggesting the existence of only "mild" psychological symptoms. (Tr. 42). The reviewing sources strongly disagreed with the examiner's conclusions. (Id.). Thus, this finding by the ALJ appears well supported.

The ALJ relied upon the opinions of Psychologists Jane Brake (Tr. 253-256) and Ed Ross (Tr. 277-280), the non-examining medical reviewers. The reviewers indicated that Mayer would be "moderately limited" in such areas as understanding, remembering and carrying out detailed instructions, maintaining attention and concentration for extended periods, working in coordination with or proximity to others without being distracted by them, interacting appropriately with the general public, and responding appropriately to changes in the work setting. (Tr. 253-254, 277-278). The advisors went on to note that despite these limitations, the plaintiff would still be able to understand and remember simple material, sustain attention

08-264  Phenilope J. Mayer

and concentration and persistence for simple tasks in two-hour segments, interact socially in a object-focused setting with little public contact and adapt to routine changes.  (Tr. 255, 279).  The vocational factors considered by Rogers were essentially consistent with these limitations.

An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Brake opined that Riggs's opinion was entitled to no weight because it was contradicted by the plaintiff's activities of daily living and the other medical evidence of record.  (Tr. 255).  This opinion was affirmed by Ross.  (Tr. 279).  The Pain and Daily Activities Questionnaire completed by the claimant indicated mainly physical problems.  (Tr. 164-168).  Her main mental status complaint was drug abuse.[1]  Such treating sources as Dr. William Platz (Tr. 563-596) and the staff at Bluegrass Regional Mental Health Center (Tr. 601-614, 726-776) did not identify the existence of more severe mental limitations than those found by the ALJ.  Dr. Platz noted a GAF of 63 (Tr. 595), while the staff at Bluegrass reported GAFs of 55 in August of 2004 (Tr. 604) and 70 in July of 2006 (Tr. 759).  These GAF ratings indicate no more than "mild" to "moderate" psychological symptoms and are in sharp contrast to the

---

[1] Public Law 104-121 precludes a finding of disability status when drug or alcohol abuse is a material contributing factor.

08-264  Phenilope J. Mayer

findings of Riggs. Therefore, under these circumstances, the court finds no error in the ALJ's reliance upon the opinions of the medical reviewers.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 15th day of April, 2009.

Signed By:

*G. Wix Unthank*

United States Senior Judge